UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY ROOSEVELT DALIET** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2476** |
| **ST. BERNARD PARISH PRISON** | **SECTION "C"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I.  Factual Summary

The plaintiff, Larry Roosevelt Daliet ("Daliet"), was an inmate incarcerated in the St. Bernard Parish Jail ("SBJ").[1] He filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against improperly named "St. Bernard Parish Prison" complaining about the conditions of his confinement at the St. Bernard Parish Jail.[2]

---

[1] Daliet is currently incarcerated at the Nelson Coleman Correctional Facility.

[2] Daliet uses the words "Jail" and "Prison" interchangeably in his court filings. Since St. Bernard Parish does not have a "prison," the Court will use "Jail" in the place of "prison."

Daliet alleges that the walls, paint, air and water in the jail have caused a "chemical reaction", which makes him sick. He alleges that the poor environmental conditions in the jail have caused him physical ailments, specifically a sore throat, and that other inmates have experienced similar symptoms. As relief, he requests that changes in the conditions of the jail be ordered, but does not seek monetary relief.

II.     **Standards of Review for Frivolousness**

Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976

F.2d 268, 269 (5th Cir. 1992).

**III.    Analysis**

Daliet filed the subject suit seeking damages and injunctive relief for the conditions of his confinement at the St. Bernard Parish Jail.  Daliet complains that he is being detained in unsanitary conditions.  Daliet's Complaint against St. Bernard Parish Jail should be dismissed for failure to state a claim for which relief can be granted and/or lack of subject matter jurisdiction.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights while acting under color of state law.  42 U.S.C. § 1983 (2006); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).  In accordance with Fed. R. Civ. P. 17(b), Louisiana law governs whether a defendant can be sued.[3]  Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person."  This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership."  La. Civ. Code Ann. art. 24.

A parish jail also lacks the capacity to sue or be sued under Louisiana law as required by Rule 17.  Although Louisiana courts have not yet ruled on the precise issue of whether a parish jail is a juridical person that can sue or be sued, the Louisiana Supreme Court in *Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So.2d 341 (La. 1994), established a framework for determining an entity's juridical status.  The Court in *Roberts* noted that "the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue."  *Id.* at 346-47.  Where an entity has

---

[3]Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  *See* Rule 17(b).

a legal function is independent of that of any other governmental agency or division, a court should find it to have juridical capacity. *Id.*

Under Louisiana law, responsibility for parish jails is divided between the parishes and the sheriff of each parish. *See* La. Rev. Stat. Ann. § 15:702, 704 (2009). Thus, under the *Roberts* framework, the St. Bernard Parish Jail is not "legally empowered to do" anything independently of either St. Bernard Parish or the St. Bernard Parish Sheriff. *Roberts*, 634 So.2d at 347. As such, the jail is not a separate entity, but merely a shared branch or facility of these two greater entities.

Thus, a jail facility is "not an entity, but a building." *St. Tammany Parish Jail,* 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing St. Tammany Parish Jail with prejudice). Accordingly, Federal courts in Louisiana have found that for purposes of Rule 17(b), a parish jail facility is not a juridical person with the capacity to sue and be sued. *See, e.g.*, *Wetzel v. St. Tammany Parish Jail*, 610 F. Supp. 2d 545, 549 (E.D. La. 2009); *Folden v. West Carroll Detention Center*, No. 12-2539, 2013 WL 557198, at *1 (W.D. La. Jan. 17, 2013); *Brown v. Jones*, No. 11-1859, 2012 WL 2368814, at *1 (W.D. La. Mar. 15, 2012) (same); *Petty v. St. Charles Parish Jail*, No. 10-0975, 2011 WL 2004014, at *2 (E.D. La. Apr. 20, 2011). Thus, the St. Bernard Parish Jail is not a proper defendant in this case.

For all of these reasons, the St. Bernard Parish Jail is not a proper defendant pursuant to Fed. R. Civ. P. Rule 17. Accordingly, Daliet's claims against the St. Bernard Parish Jail should be dismissed for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted.

**IV.    Recommendation**

It is therefore **RECOMMENDED** that Daliet's 42 U.S.C. § 1983 claims against improperly

named St. Bernard Parish Prison be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e, for lack of subject matter jurisdiction and for otherwise failing to state a claim upon which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 2nd day of July, 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.